IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO.  3:21-00153

CHRISTOPHER ROBERTO HERNANDEZ
    also known as "Crazy"

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Christopher Roberto Hernandez's *pro se* Motion for Reduction of Time in Term of Imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and the newly amended version of §4A1.1 of the United States Sentencing Guidelines. ECF No. 52. For the following reasons, the Court **DENIES, in part,** and **GRANTS, in part,** Defendant's motion.

On January 10, 2022, Defendant pleaded guilty to Aiding and Abetting Possession with Intent to Distribute Marijuana for Remuneration in violation of 21 U.S.C. § 841(a)(1). The statutory maximum term of imprisonment for this offense is five years. 21 U.S.C. § 841(b)(1)(D). On June 6, 2022, the Court held a sentencing hearing and calculated Defendant's Total Offense Level as 29. The Court also found Defendant had one criminal history point based upon a prior offense and assessed him with two additional "Status Points" under §4A1.1(d) of the Sentencing Guidelines for having committed the instant offense while serving a term of probation. Three criminal history points placed Defendant in a Criminal History Category of II. With a Total Offense Level of 29 and a Criminal History Category of II, the Guideline range would have been 97 to 121 months, but the Guideline range was capped at sixty months because of the statutory maximum. The Court sentenced Defendant to 60 months imprisonment.

In his motion, Defendant requests that the Court now apply the amended version of §4A1.1 and subtract both Status Points, reducing his Criminal History Category from II to I. Although Defendant properly was assessed two Status Points under §4A1.1(d) at the time of sentencing, the amendment to §4A1.1 struck the previous version of subsection (d) and enacted a new subsection (e) that provides:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S. Sentencing Guidelines Manual §4A1.1(e) (U.S. Sentencing Comm'n 2023). In other words, if a defendant has six or fewer criminal history points, the defendant now receives no Status Points. If the defendant has seven or more criminal history points, the defendant now receives one Status Point rather than two. Additionally, a defendant who has demonstrated good behavior and successful completion of programs over most of a period of incarceration may be considered for a sentence reduction.

Although Defendant is correct that he should no longer be assessed two Status Points for committing the instant offense while serving a term of probation, even at a Criminal History Category I and a Total Offense Level of 29, his Guideline range would have been 87 to 108 months, exceeding the statutory maximum of sixty months. In other words, regardless of any reduction in his Criminal History Category, Defendant's Guideline range was constrained by the statutory cap of five years.

In support of a reduced sentence, Defendant further asserts he has participated in rehabilitation programs while incarcerated, he has had no incident reports in prison, marijuana has been decriminalized in many jurisdictions, he has maintained contact with his family, he is unlikely to recidivate, he is not a danger to the community, and he has a place to live once released. Although the Court commends Defendant in his efforts to make a successful transition once released from prison and encourages him to stay on this path, the Court nonetheless finds these factors do not justify a variance below the 60 month sentence originally imposed given the nature and circumstances of the offense, the history and characteristics of Defendant, and the needs for deterrence. Therefore, the Court **DENIES** Defendant's motion to reduce his sentence.

While the Court finds a reduction in sentence unwarranted, Defendant further moves the Court to direct the Probation Office to amend his Presentence Report to reflect a Criminal History Category of I so the Bureau of Prisons may recalculate and reduce his security level. For the reasons stated above, the Court finds Defendant is entitled under the amendments to have his total criminal history score reduced by the two Status Points previously attributed to him, decreasing his Criminal History Category from II to I. Therefore, the Court **GRANTS** the motion to this extent and **DIRECTS** the Probation Office to amend the Presentence Report to reflect these changes. The Court also shall enter an Amended Statement of Reasons reflecting this change.

Accordingly, the Court **DENIES** Defendant's motion to reduce his sentence, but **GRANTS** his motion to lower his criminal history points from three to one, reducing his Criminal History Category from II to I.

-4-

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: November 2, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE